# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| PAZUNIAK LAW OFFICE, LLC and GEORGE PAZUNIAK, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No.: N14C-12-259 EMD |
| PI-NET INTERNATIONAL, INC. and LAKSHMI ARUNACHALAM, | ) ) ) ) | |
| Defendants. | ) ) ) ) ) | |

## ORDER DENYING *PRO SE* DEFENDANT AND COUNTER PLAINTIFF DR. LAKSHMI ARUNACHALAM'S MOTION TO RECONSIDER SUBSTITUTION UNDER RULE 25(c) AND TO RECONSIDER ORDER OF NOVEMBER 14, 2016 DENYING LEAVE TO APPEAL FROM INTERLOCUTORY ORDER

Upon consideration of the Pro Se Defendant and Counter Plaintiff Dr. Lakshmi Arunachalam's Motion to Reconsider Substitution Under Rule 25(c) and to Reconsider Order of November 14, 2016 Denying Leave to Appeal from Interlocutory Order (the "Motion to Reconsider") filed by Defendant Lakshmi Arunachalam; the Order Denying *Pro Se* Defendant Dr. Lakshmi Arunachalam's Emergency Motion to Substitute Parties under Delaware Rule 25(c) and Federal Rule (c) due to New Facts and Circumstances that Defendant Pi-Net International, Inc. is Defunct and Dr. Lakshmi Arunachalam is the Successor-in-Interest and Real Party-in-Interest (the "Substitution Order") entered by the Court on October 19, 2016; the Order Denying Leave to Appeal from Interlocutory Order (the "Leave to Appeal Order") entered on November 14, 2016; the entire file and record of this civil action; and good cause not having been shown for the relief sought in the Motion to Reconsider,

**IT IS HEREBY FOUND AND DETERMINED** that Superior Court Civil Rule 59(e) provides that a party may file a motion for reargument or reconsideration "within 5 days after the filing of the Court's opinion or decision….;"[1]

**IT IS HEREBY FOUND AND DETERMINED** that a motion for reargument will be denied unless the Court has overlooked precedent or legal principle that would have controlling effect, or misapprehended the law or the facts such as would affect the outcome of the decision;[2]

**IT IS HEREBY FOUND AND DETERMINED** that the Motion to Reconsider was not filed within 5 days after the filing of the Substitution Order and is, therefore, untimely as to the Substitution Order;

**IT IS HEREBY FOUND AND DETERMINED** that the Leave to Appeal Order was issued pursuant to Supreme Court Rule 42(c) and not under the Superior Court Civil Rules and the Court is not aware of any legal authority that supports application of Superior Court Civil Rule 59(e) to a decision made under the Supreme Court Rules;[3]

**IT IS HEREBY FOUND AND DETERMINED** that, even if Superior Court Civil Rule 59(e) applied to the Leave to Appeal Order, the Motion to Reconsider does not raise any viable precedent or legal principle overlooked by the Court in issuing and entering the Leave to Appeal Order;

---

[1] Super. Ct. Civ. R. 59(e).

[2] *Woodward v. Farm Family Cas. Ins. Co.*, No. 00C-08-006, 2001 WL 1456865, at *1 (Del. Super. July 25, 2001).

[3] The Court is concerned that Dr. Arunchalam does not understand the Interlocutory Appeal process. The entry of the Leave to Appeal Order does not mean that Dr. Arunachalam cannot appeal the Order Denying *Pro Se* Defendant Dr. Lakshmi Arunachalam's Emergency Motion to Substitute Parties under Delaware Rule 25(c) and Federal Rule (c) due to New Facts and Circumstances that Defendant Pi-Net International, Inc. is Defunct and Dr. Lakshmi Arunachalam is the Successor-in-Interest and Real Party-in-Interest entered by the Court on October 19, 2016. Instead, the Supreme Court considers the Leave to Appeal Order when determining whether to accept the interlocutory appeal. *See* Del. Supr. Ct. R. 42(d)(v).

**IT IS HEREBY FOUND AND DETERMINED** that the Motion to Reconsider

does not show how the Court misapprehended the law or the facts such as would have

affected the outcome reached in the Leave to Appeal Order;[4] and

**IT IS ORDERED** that the relief sought in the Motion to Reconsider is **DENIED**.

Dated: November 29, 2016
Wilmington, Delaware

/s/ *Eric M. Davis*
Eric M. Davis
Judge, Superior Court

---

[4] There is nothing new in the Motion to Reconsider. In the Motion to Reconsider, Dr. Arunachalam continues to litigate the underlying facts and law of the civil action. Moreover, Dr. Arunachalam presents the same facts and arguments made in previous filings with the Court. The Court's decision in the Substitution Order was on the narrow legal issue of whether Dr. Arunchalam could be substituted for Pi-Net International, Inc. under Superior Court Civil Rule 25(c). Dr. Arunchalam, for some unknown reason, persistently provides the Court with information irrelevant to the legal or factual issue before the Court. Whether, as Dr. Arunachalam pleads, the Plaintiffs have a viable case against Dr. Arunachalam and Pi-Net International, Inc. is not relevant to the issue of who, if anyone, legally may be the transferee of the interest of Pi-Net International, Inc. under California law for purposes of Superior Court Civil Rule 25(c).

3